UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | |
| § | CRIMINAL NO. H-05-0492-5 |
| HUY TRAN NGUYEN, § | |
| § | |
| **Defendant.** § | |

### MEMORANDUM AND ORDER

Pending before the Court is Defendant's motion, made pursuant to FED. R. CRIM. P. 33(a), for a new trial. After considering the motion and the applicable law, the Court finds that the interests of justice require that a new trial be granted.

At the close of the jury trial in this case, the parties made their closing arguments in the order dictated by FED. R. CRIM. P. 29.1 – that is, the government presented its closing-in-chief, defense counsel replied, and the government then exercised its option to present a rebuttal argument. As is made clear by the advisory committee notes to Rule 29.1, "fair and effective administration of justice is best served if the defendant knows the arguments actually made by the prosecution in behalf of conviction *before* the defendant is faced with the decision whether to reply and what to reply." FED. R. CRIM. P. 29.1 advisory committee's note (emphasis added). Counsel for the government was specifically admonished, before closing arguments commenced, that no argument not mentioned in the government's closing-in-chief was to be raised in the rebuttal.

Notwithstanding the rule and the Court's instruction, however, Assistant United States Attorney Richard Hanes made a completely new argument (namely, that Defendant Huy Tran Nguyen was planning to drive Defendant Tham Trinh ["Tony"] Le

1

to the airport after the drug transaction that gave rise to this case) during his rebuttal. This theory was never even hinted at during trial or in Mr. Hanes's closing-in-chief. Although counsel for Defendants were given an opportunity to reply, that last-minute concession was inadequate to offset the government's misconduct, particularly in light of the fact that the jury instructions regarding closing arguments had not mentioned a sur-rebuttal by defense counsel. The sur-rebuttal was obviously, and through no fault of Defendant or his attorney, an *ad hoc* attempt to answer a charge that should have been outlined earlier. Had the government complied with the rules and with the Court's instructions, Defendant could have incorporated his response to Mr. Hanes's theory in his closing argument and structured that closing in such a way as to make the response part of the argument's narrative flow.

In sum, the government, by withholding the theory until the last minute, deprived Defendant of the opportunity effectively to address it and thereby to defend himself. Accordingly, in the interests of fairness and justice, the Court hereby **GRANTS** Defendant's motion for a new trial. Trial is hereby **SET** to commence at 8:30 a.m. on Monday, June 19, 2006, in Courtroom 8C.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 1st day of June, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**