UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | |
| § | CRIMINAL NO. H-05-0492-5 |
| HUY TRAN NGUYEN, § | |
| § | |
| **Defendant.** § | |

## MEMORANDUM AND ORDER

Pending before the Court is the United States' motion for reconsideration of the Court's Memorandum and Order of June 1, 2006, which granted Defendant a new trial pursuant to FED. R. CRIM. P. 33(a). After reviewing the motion and the applicable law, the Court finds that the motion, Docket No. 192, should be and hereby is **DENIED**.

The Court's June 1 Order was premised upon its finding that the United States had violated FED. R. CRIM. P. 29.1 by offering, for the first time in its rebuttal closing argument, a theory supporting Defendant's guilt. Contrary to the United States' assertion (*see* United States' Mot. for Reconsideration at 9) that neither Defendant objected to the theory when it was first put forward, and as the United States itself notes on pages 5-6 of its motion, an objection was in fact timely made. Moreover, the Court had specifically admonished the United States, before closing arguments commenced, that no new material was to be presented during the rebuttal. As the Court has previously noted, the new theory was perhaps the best argument that the government offered to persuade the jury of Defendant's guilt.

The Court may, upon a motion by Defendant, order a new trial when the interests of justice so require. FED. R. CRIM. P. 33(a). While Rule 33(a) does not permit the Court

1

to grant a new trial *sua sponte*, it also does not require that the Court premise the grant of a new trial upon any particular theory. Defendant has filed a motion for new trial in this case, thereby satisfying the condition precedent to the Court's Order. Moreover, the Court notes that Defendant made an oral motion for new trial immediately following the jury verdict, which motion was not premised on the alleged *Brady* violation cited in Defendant's later, written motion.

The government's new theory was not properly introduced in rebuttal of any argument made by Defendant's counsel during his closing argument. While it is, of course, true that defense counsel argued – as he and his witnesses had throughout the trial – that Defendant was at the scene of the drug transaction as an innocent bystander and not a participant, the government had ample opportunity to engage this argument during its initial closing. Indeed, the fact that the government entered into evidence the flight itinerary of co-Defendant Tram Trinh Le,[1] upon which the rebuttal theory was based and which was otherwise mentioned only in passing during the trial, supports at least a suspicion that the government's surprise rebuttal argument was not entirely spontaneous.

In determining whether a prosecutor's improper argument affected a defendant's substantial rights, the Court considers (1) the magnitude of the statement's prejudicial effect; (2) the efficacy of any cautionary instruction; and (3) the strength of the evidence of the defendant's guilt. *United States v. Lowenberg*, 853 F.2d 295, 302 (5th Cir. 1988). Here, the Court found that the improper argument was likely the United States' best support for its case against Defendant. Moreover, the Court indicated, by admonishing

---

[1] In its motion, the government states that this Defendant's actual name is Tuan Minh Le. (*See* United States' Mot. for Reconsideration at 3.) Both the docket sheet and the criminal complaint in this case, however, refer to him as Tham Trinh Le. In any event, it is presumably clear to all parties that the Court was in its previous order, and is now, referring to Defendant No. 4, "Tony" Le.

2

the prosecution in advance not to present new arguments during the rebuttal, the magnitude of the prejudicial effect of such conduct. While the Court did permit defense counsel a brief opportunity to respond to the argument, it noted in its June 1 Order that that opportunity was inadequate to cure the violation, particularly in light of the obvious *ad hoc* nature of the sur-rebuttal (the jury's having already been instructed as to the order of closing arguments and the parties' having approached the bench immediately prior to the sur-rebuttal).

Finally, while the government argues that the evidence militated strongly in favor of a guilty verdict, the Court cannot agree. At the close of evidence, Defendant moved for a judgment of acquittal. The Court stated at that time that the case was very close and the evidence against Defendant quite thin. For that reason, the Court took the motion under advisement pending the outcome of jury deliberations. It is also notable that the evidence against Defendant Dang Hai Nguyen, who was acquitted by the jury, was extremely similar to that against this Defendant. Accordingly, the Court **DENIES** the United States' motion for reconsideration.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 5th day of June, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**