IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-05-492-5 |
| | § | |
| HUY TAN NGUYEN | § | |

**ORDER**

Pending before the Court is Defendant's amended motion for new trial (Docket Entry No. 274), filed after reversal and remand of this case by the Fifth Circuit Court of Appeals. *U.S. v. Nguyen*, 507 F.3d 836 (5th Cir. 2007). The procedural history of this case is set forth in that opinion and needs no reiteration.

In its decision, the Fifth Circuit reversed this Court's grant of Defendant's original motion for new trial, and held as a matter of first impression for the Circuit that Rule 33 of the Federal Rules of Criminal Procedure does not allow a district court to grant a motion for new trial on grounds not raised by the movant. In particular, the Fifth Circuit held that, because Defendant's Rule 29 motion for judgment of acquittal made only "a passing reference to the prosecutor's improper argument," and his original Rule 33 motion for new trial made no reference to the improper argument, this Court "was without authority to grant the new trial on that basis." *Id.* at 839-40. The Fifth Circuit reached this conclusion notwithstanding a district court's authority to declare a mistrial and order a new trial on its own motion *prior* to a verdict or finding of guilty. *See, e.g., Gori v. United States*, 367 U.S.

364 (1961); *Downman v. United States*, 372 U.S. 734 (1963); *United States v. Tateo*, 377 U.S. 463 (1964). *See also* F.R. Crim. P. 33, Advisory Committee Notes.

In granting a new trial, this Court relied, in part, on Defendant's complaint in his Rule 29 motion regarding "the government's erroneous last minute argument not contained in the first half of their Closing[.]" (Docket Entry No. 187, p. 2.) If the argument underlying a Rule 29 motion for judgment of acquittal would justify a new trial, a federal district court may construe such motion as one for new trial. *See, e.g., U.S. v. Wright*, 363 F.3d 237 (3rd Cir. 2004); 3 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL § 552, p. 463 (2004). Notwithstanding the Fifth Circuit's dicta to the contrary, this Court remains of the opinion that Defendant's assertion stands as more than "a passing reference" to the government's violation of Rule 29.1, and that the overarching principle for any court – the interest of justice – mandated the construing and granting of Defendant's Rule 29 motion as a motion for new trial.

Moreover, the Fifth Circuit's reliance on *U.S. v. Newman*, 456 F.2d 668 (3rd Cir. 1972), raises several concerns. To justify its holding that a court may not grant a Rule 33 new trial on grounds not raised in the motion, the Third Circuit looked to 1966 legislative amendments to the federal rules of civil and criminal procedure. The Third Circuit noted that contemporaneous amendments to the rules of procedure expressly authorized the granting of a new trial *sua sponte* in a civil case or on grounds not raised in the motion, while limiting new trials in *criminal* cases to those granted "on motion of a defendant." The

Third Circuit reasoned that this disparate treatment of civil and criminal new trials evinced the legislature's intent to constrain the granting of new trials in criminal cases to grounds raised in the motion. However, equally availing would be an argument that, had the legislature so intended, it clearly knew the words to so specify. Indeed, the legislature did not amend Rule 33 to expressly foreclose the granting of a new trial under grounds not raised squarely within the motion. This Court is not persuaded that such legislative history prohibited the Court's granting of a new trial in the instant case.

Of equal significance to the Third Circuit's decision in *Newman* was the four-month delay between the filing of the motion for new trial and the trial court's granting of a new trial on grounds not raised in the motion. The Third Circuit opined that, because the trial court waited four months to grant a new trial under an error waived by the movant, the trial court acted essentially "on its own motion," in contravention of Rule 33. In the instant case, the Fifth Circuit concedes that "[t]here is no timeliness issue before us." *Nguyen*, 507 F.3d at 839 n.2. Further, Defendant objected to the government's improper arguments raised during the second half of its closing argument. *Newman* is inapplicable.

Defendant's pending amended Rule 33 motion for new trial now seeks a new trial solely based on the prosecutor's improper argument. However, Rule 33(b)(2) requires a motion for new trial to be filed within seven days after the verdict or finding of guilty. That deadline has long passed. Defendant cites no authority allowing him to file an amended

3

motion for new trial under the circumstances presented by this case, and the Court has found none.

Thus, the Fifth Circuit's ruling has left this Court with no choice but to sentence Defendant as a sequel to a trial that, as this Court has already held, was violative of the interest of justice. Nor is this an instance in which a questionable guilty verdict can be partially offset by a lenient sentence; Defendant faces a mandatory minimum of ten years. The Court sets forth this discourse in the hope that, on subsequent appeal, the Fifth Circuit Court of Appeals may be able to achieve a more just disposition of the case than was this Court.

Defendant's amended motion for new trial (Docket Entry No. 274) is **DENIED** as untimely filed. Sentencing is set for **JUNE 30, 2009, at 10:30 a.m. in Courtroom 3A.**

**IT IS SO ORDERED.**

Signed at Houston, Texas, on this the 17th day of June, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE